IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHY BAILEY, Individually and as Representative of the Estate of Corey Deon Bailey, Deceased, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:09-CV-0865-K |
| DALLAS COUNTY, TEXAS AND DALLAS COUNTY CORRECTIONAL OFFICERS JULIA QUIROGA, CRAIG ELLIOT, QUINTON LACY, TIMOTHY CLICK, and DANIEL MORENO, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 180). After consideration of the briefing and appendix, as well as the applicable law, the Court **GRANTS** the motion for the following reasons.

The relevant factual and procedural history of the case is as follows. Corey Deon Bailey ("Bailey"), son of Plaintiff Cathy Bailey, was booked into the Dallas County Jail ("DCJ") on June 17, 2008, to serve a term of commitment related to convictions for Driving While Intoxicated and Driving While License Suspended. While an inmate at DCJ, Bailey died on June 27, 2008. Plaintiff Cathy Bailey filed this wrongful death suit on May 8, 2009, against Defendant Dallas County, Texas, alleging excessive force and

ORDER – PAGE 1

denial of adequate medical care. On January 22, 2010, Plaintiff Cathy Bailey amended her complaint adding the five individual Dallas County Correctional Officers–Julia Quiroga, Craig Elliot, Quinton Lacy, Timothy Click, and Daniel Moreno. On November 7, 2013, Plaintiff Cathy Bailey filed a second amended complaint adding two new wrongful death claims and two new beneficiary plaintiffs–Chester Bailey, Corey's biological father, and Donald Bailey, Corey's minor son.

The Fifth Circuit has held that, because there is no federal statute of limitations for section 1983 claims, the courts "look to the general personal injury limitations period provided by the forum state." *Brockman v. Texas Dept. of Criminal Justice*, 397 F. App'x 18, 21 (5th Cir. 2010). In this case, the Texas two-year limitations period applies to Plaintiffs' claims, which accrued upon Bailey's death on June 27, 2008. *See* TEX. CIV. PRAC. & REM CODE § 16.003(b); *Ruiz v. Guerra*, 293 S.W.3d 706, 716 (Tex.App.—San Antonio 2009, no pet.)("With certain exceptions, a two-year limitations period applies in a wrongful death action.").

Plaintiff Cathy Bailey timely filed her claim on May 8, 2009, well within the two year statute of limitations. Plaintiff Donald Bailey, the minor son of Corey Deon Bailey, filed his complaint on November 7, 2013. Although filed outside the two-year limitations period, because Plaintiff Donald Bailey is a minor, he receives the benefit of tolling of the limitations period until he reaches 18 years of age. TEX. CIV. PRAC. & REM. CODE § 16.001(a)(1), (b). Therefore, his claim was also timely filed. Plaintiff Chester Bailey filed his complaint on November 7, 2013, as well. This was filed well

outside of the two year statute of limitations, and there is no evidence to suggest that Plaintiff Chester Bailey should benefit from any statutory provision tolling limitations. Because this claim was filed more than five (5) years after Corey's death, Plaintiff Chester Bailey's claim is time-barred. *See also Ruiz*, 293 S.W.3d at 716 (minor plaintiff's tolling benefit does not extend to other claimants).

Therefore, Defendants' motion for summary judgment is **granted** and Plaintiff Chester Bailey's claims against all Defendants are hereby **dismissed with prejudice**.

**SO ORDERED.**

Signed January 27th, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 3